UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEORGE BURNS,<br><br>       Plaintiff,<br><br>    -against-<br><br>DETECTIVE MAHER OF THE CITY OF<br>YONKERS POLICE DEPARTMENT,<br><br>       Defendant. | 1:24-CV-8612 (LTS)<br><br>ORDER OF DISMISSAL UNDER<br>28 U.S.C. § 1915(g) |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff George Burns, who is currently held in the Westchester County Jail, brings this action *pro se*. In his complaint commencing this action, Plaintiff requests to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). (ECF 1, at 2.) Plaintiff has been recognized as being barred, however, from filing any new federal civil action IFP while he is a prisoner. *See Burns v. Schell*, No. 1:20-CV-5582 (LLS), 2020 WL 6365556 (S.D.N.Y. Oct. 28, 2020), *aff'd*, No. 20-3883, 2023 WL 1113215 (2d Cir. Jan. 31, 2023) (summary order). The court, in *Burns*, 2020 WL 6365556, at *4, recognized Plaintiff as barred under the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), codified at 28 U.S.C. § 1915(g), which provides that:

> [i]n no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Although Plaintiff has filed this new federal civil action seeking IFP status, his complaint does not show that he was under imminent danger of serious physical injury at the time that he

filed it.[1] Instead, Plaintiff asserts claims under 42 U.S.C. § 1983 against a Yonkers Police Detective, alleging that the detective "cherry-picked" video footage retrieved in connection with Plaintiff's May 14, 2023 arrest and subsequent criminal prosecution, and Plaintiff seeks damages. (ECF 1, at 1-3.) He is therefore barred, under Section 1915(g), from bringing this action IFP.

## CONCLUSION

The Court denies Plaintiff's request to proceed IFP, and dismisses this action without prejudice, pursuant to the PLRA's "three-strikes" provision.[2] *See* 28 U.S.C. § 1915(g). Plaintiff remains barred, under Section 1915(g), from filing any future federal civil action IFP while he is a prisoner, unless he is under imminent danger of serious physical injury at the time that he files his complaint.[3] *Id.*

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[2] Plaintiff may commence a new federal civil action by paying the relevant fees. If Plaintiff does so, his complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[3] The Court may bar any vexatious litigant (including a nonprisoner) from filing future civil actions in this court (even if the relevant fees are paid) without first obtaining leave from the court. *See In re Martin-Trigona*, 9 F.3d 226, 228-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the

reasons set forth in this order.

SO ORDERED.

Dated:    January 10, 2025
              New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                   Chief United States District Judge